THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SHERYL PIRZER </br></br>    Plaintiff, </br> v. </br></br> OUR PUB, DONNA ROUILLIER, INDIVIDUALLY. </br></br>    Defendant. | Civil Action No. </br></br></br></br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Sheryl Pirzer ("Plaintiff"), through undersigned counsel, and files this lawsuit against Our Pub, and Donna Roullier, Individually ("Defendants"), and for her Complaint shows the following:

### I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA").

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendants are a Florida corporation and reside in this district. Defendants do business in and are engaged in commerce in the State of Florida. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## III.    Parties and Facts

5.

At all times relevant to this action, Donna Rouillier is an individual resident of the State of Florida who owns and operates Our Pub., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of Our Pub. By virtue of having regularly exercised that authority on behalf of Our Pub, Donna Rouillier is an employer as defined by 29 U.S.C. § 201, et seq.

6.

Our Pub is a Florida Limited Liability Corporation whose principal place of business is in Levy County, Florida, and does business, and is engaged in commerce within the State of Florida.

7.

Our Pub is now and, at all times relevant hereto has been a domestic corporation engaged in an industry affecting commerce.

8.

Defendants may be served by delivering a copy of the summons and complaint upon its Registered Agent, Donna Rouillier at its principal place of business at 253 Highway 40 W, Inglis, Florida 34449.

9.

Plaintiff first began working at the Company over eighteen (18) years ago.

10.

She has taken on several roles while working at the Company including Bartender, Cook, and Maintenance.

11.

For several shifts Plaintiff would be paid as a tipped employee when she should have been paid a full hourly rate. Instead, Plaintiff was paid $4.00 an hour and zero overtime.

12.

Plaintiff voiced her concerns to Ms. Rouillier on several occasions, but Ms. Rouillier was steadfast on her position that "I don't pay for overtime."

13.

This failure to pay overtime and the appropriate minimum wage continued until Plaintiff's resignation in or around August 2021.

14.

Between 2019 and early 2021, Plaintiff regularly worked five (5) to ten (10) hours of overtime per week.

15.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

16.

Throughout her employment with Defendants, Plaintiff has been entitled to overtime compensation for all hours worked in excess of 40 hours in a workweek.

17.

Defendants are a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

18.

Defendants permitted Plaintiff to regularly work in excess of 40 hours in given workweeks without receiving overtime compensation.

19.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

20.

Throughout Plaintiff's employment, Plaintiff's job duties and the performance thereof, along with her hours worked were controlled by Defendants.

21.

Throughout her employment with Defendants, Plaintiff was economically dependent on Defendant.

22.

Plaintiff has been individually covered under the FLSA by virtue of the nature of the work she performed.

### Count I

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

23.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

24.

Defendants have violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay minimum wage and overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

25.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

26.

Defendants knew or had reason to know Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

27.

Defendants' actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

28.

Defendants knew, or showed reckless disregard for the fact that Defendants failed to pay Plaintiff overtime compensation in violation of the FLSA.

29.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

**Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all issues of fact;

(B)   Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA;

(D)   Grant Plaintiff leave to add additional state law claims if necessary; and;

(E)   Award Plaintiff such further and additional relief as may be just and appropriate.

Dated this 7th day of December, 2021.

                Respectfully submitted,

                /s/ James J. Henson
                James J. Henson, Esq.
                Florida Bar No. 77476
                MORGAN & MORGAN, P.A.
                20 N. Orange Ave., 15th Floor
                P.O. Box 4979
                Orlando, FL 32802-4979
                Telephone: (407) 428-6241
                Facsimile: (407) 245-3342
                Email: jjhenson@forthepeople.com
                ssiagel@forthepeople.com